UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 7 2011
Clerk, U.S. District and
Bankruptcy Courts

Dwight Neil Rhone, )
)
    Plaintiff, )
)
v. ) Civil Action No.
)
Eric Holder *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

In this action filed *pro se* under 42 U.S.C. § 1983, plaintiff, a detainee in Leavenworth, Kansas, sues Attorney General Eric Holder, Jr., and a number of individuals mostly in Kansas and Arizona who may have participated in his criminal prosecution that resulted in his conviction for "conspiracy to distribute and possess with intent to distribute at least 1,000 kilograms of marijuana." *U.S. v. McDowell*, No. 09-20133-JWL, 2011 WL 3903001 (D. Kan. Sept, 6, 2011); *see id.* at *2 (trial testimony showed that plaintiff and his co-defendants "traveled to Arizona to package marijuana for shipment back to Kansas City . . . ."); Compl. ¶ IV (Parties). Plaintiff also attaches court documents from the Superior Court of the State of Arizona in and for the County of Maricopa, suggesting that he may be challenging a separate criminal prosecution. In any event, the Court finds that it lacks jurisdiction over the complaint.

Plaintiff seeks "an investigation in this case because of fraud and discrepancies and cover up by the defendants." Compl. ¶ VI. It is unclear to which case plaintiff is referring, but the Court lacks jurisdiction to compel the Attorney General to investigate any case for such reasons. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and

criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review.").

Any claims arising from plaintiff's federal conviction must be presented to the respective sentencing court under 28 US.C. § 2255, and any claims arising from a state conviction must proceed under 28 U.S.C. § 2254 after the exhaustion of any state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

Plaintiff was not prosecuted in the District of Columbia, nor is he in the District's custody. Therefore, he has no recourse in this Court. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: October 28, 2011